IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEVIN ALEX PHILLIP PENDLETON                                                           PLAINTIFF

     v.                              Civil No. 10-2026

APN JEAN FINLEY; SHERIFF MIKE
ALLEN; SGT. LACY REE; and CRAWFORD COUNTY,
ARKANSAS                                                                                DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Devin Alex Phillip Pendleton (hereinafter Pendleton) filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Pendleton is currently incarcerated in the Arkansas Department of Correction, Cummins Unit in Grady, Arkansas. The events subject to this lawsuit occurred while Pendleton was incarcerated in the Crawford County Detention Center (CCDC). Specifically, Pendleton alleges he was denied adequate medical care.

Separate Defendants Sheriff Mike Allen, Sergeant Lacy Ree, and Crawford County, Arkansas, have filed a motion for summary judgment (Doc. 12). To assist Plaintiff in responding to the summary judgment motion, a questionnaire was propounded (Doc. 32). Pendleton filed a timely response (Doc. 33) and the motion is now ready for decision.

### 1. Background

Pendleton was booked into the CCDC on October 10, 2009. *Plaintiff's Response* (Doc. 33) at ¶ 1(A) (hereinafter *Resp.*). Pendleton was incarcerated on pending criminal charges. *Id.* at ¶ 1(B).

Pendleton was placed on suicide watch. *Id.* at 2(B). He believes the reason he was placed on suicide watch was because of a medical file indicating he was a patient of Vista Health in June of 2009. *Id.* Pendleton indicates the arresting officer was aware of the file and he had Pendleton placed on suicide watch. *Id.*

According to Pendleton, he did not see Advanced Practice Nurse (APN) Finley (Finley) until he had been on suicide watch for six days. *Resp.* at ¶ 2(B). At that time, he advised Finley that he was experiencing some depression, anxiety, and had an upset stomach but did not say he was suicidal or experiencing suicidal thoughts. *Id.* He also told her that he had attempted suicide in the past. *Id.*

While Pendleton was on suicide watch, an activity log was kept. *Resp.* at ¶ 2(C). Pendleton was observed every fifteen minutes and a record kept of what he was doing. *Id.* He remained on suicide watch until October 20th. *Id.* at ¶ 3.

On October 16th, Pendleton was prescribed Seroquel, a medication used to treat depression. *Defendants' Exhibit* C (hereinafter *Defts' Ex.*). Pendleton states he was prescribed a drug purporting to be Seroquel. *Resp.* at ¶ 4.

On November 9th, Pendleton fainted and fell off his bunk. *Resp.* at ¶ 5(A). He believed his fainting was the result of the medication he was on. *Id.* at ¶ 5(B). On November 13th, Pendleton talked to Finley about his medication in the detention center's library. *Id.* at ¶¶ 5(C)-(D). Sergeant Ree[1] (Ree) was present. *Id.* Finley discussed changing the prescription from Seroquel to Abilify because of Pendleton's belief the Seroquel was interacting with his Lisinopril

---

[1] Pendleton indicates this Defendant's last name is Rea. *Resp.* at ¶ 5(A). However, in the answer (Doc. 9) it indicates the correct name of this Defendant is Sergeant Lacy Ree.

medication. *Id.* at ¶ 5(D). However, she concluded the Seroquel was not the cause of Pendleton's fainting or dizziness. *Id.* Pendleton states he spoke to Finley about an injury to his foot/ankle when he fell from the bunk. *Id.* According to Pendleton, Finley did not acknowledge the injury, examine it, or treat it. *Id.* Instead, she merely told him to keep taking the Seroquel. *Id.*

Pendleton continued taking Seroquel until November 28th. *Resp.* at ¶ 5(D). On November 28th, Pendleton maintains he collapsed and had a seizure after getting up for breakfast. *Id.* at ¶ 6.

Immediately after his fainting spell, Pendleton was taken to the emergency room and diagnosed with vasovagal syncope and possible sick sinus syndrome. *Resp.* at ¶¶ 8 & 10(A). A cardiac consult was ordered and Pendleton was noted to have syncope, most likely vasovagal or related to orthostatic hypotension. *Id.* at ¶ 9(A). It was believed the episode might be related to an interaction between lisinopril, a blood pressure medication, and Seroquel. *Id.* at ¶ 9(B). Both medications were discontinued and Pendleton's blood pressure was monitored. *Id.* When Pendleton returned to jail after his hospitalization, he was immediately taken off Seroquel in accordance with the orders of hospital medical personnel. *Id.* at ¶ 10(B).

Pendleton never spoke to, or communicated with, Sheriff Allen about his medical condition or his prescriptions. *Resp.* at ¶ 12. Pendleton was asked to describe in detail how he believed Sheriff Allen exhibited deliberate indifference to his serious medical needs. He responded:

> Sheriff Mike Allen exhibited deliberate indifference to my serious medical needs by failing to rectify the Crawford County Detention Center policy with regard to summoning medical assistance. The Sheriff was adequately aware of the

> substantial risk of safety to myself, yet disregarded that risk of serious harm in a deliberate indifferent manner by failing to alter the Crawford County Detention Center policy noted above, and also . . . by failing to provide better training to his officers on how to respond to the incident involving myself. This policy should require a medical professional is summoned in all fainting incidents when prescribed drugs are involved.

*Id.* at ¶ 11.

With respect to Ree, Pendleton indicates she was present on November 13th at his visit with Finley and knew he believed his fainting spell had been caused by an interaction between Seroquel and Lisinopril. *Resp.* at ¶ 13. Pendleton also states Ree was aware of the fact that Finley never treated his ankle/foot injury. *Id.*

In view of these facts, Pendleton maintains "Ree had actual knowledge of the substantial risk to my safety that I reported to Nurse Finley. Sergeant Ree recklessly disregarded that life threatening risk to my safety and Nurse Finley's failure to acknowledge my ankle/foot injuries, and with deliberate indifference failed to communicate those risks to a superior officer or supervisor in the Crawford County Detention Center who could have taken steps to see to it that the substantial risk to my safety was averted." *Resp.* at ¶ 13.

### 2.  Applicable Standard

"Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We view all evidence and inferences in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Celotex v. Catrett*, 477 U.S. 317, 324 (1986).

### 3. Discussion

"The Eighth Amendment prohibits the infliction of cruel and unusual punishment. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *McRaven v. Sanders,* 577 F.3d 974, 979 (8th Cir. 2009)(citation omitted); *see also Holden v. Hirner*, 663 F.3d 336 (8th Cir. 2011)(Eighth Amendment's deliberate indifference standard is applied to a denial of medical care claim brought by a pretrial detainee).

"To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs." *Schaub*, 638 F.3d at 914. "The inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Nelson v. Shuffman*, 603 F.3d 439, 448-49 (8th Cir. 2010). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Taylor v. Bowers*, 996 F.2d 417, 421 (8th Cir. 1992).

The problems Pendleton had were believed to be due to an interaction between two drugs Seroquel and Lisinopril. Sheriff Allen and Ree did not prescribe any medication to Pendleton, determine what type of medical care he should received, and did not interfere with, deny, or delay his receipt of medical care. There is no basis on which they may be held liable. *See e.g., Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(prison official not involved in treatment

-5-

decisions made by medical staff cannot be liable for medical staff's diagnostic decisions); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1983)(supervisor cannot be held liable on respondeat superior theory). Moreover, there is no basis on which it can be said that the alleged failure to provide adequate medical care was due to a custom or policy of Crawford County. *See e.g., Liebe v. Norton*, 157 F.3d 574, 578-79 (8th Cir. 1998)(county liable only where the constitutional deprivation was the result of a county custom or policy).

### 4. Conclusion

For the reasons stated, I recommend that the summary judgment motion filed by Separate Defendants Sherif Allen, Sergeant Ree, and Crawford County (Doc. 12) be granted and all claims against them be dismissed. This leaves for later resolution the claims against APN Finley.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 24th day of February 2012.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)